UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RONALD TRIETSCH,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   CASE NO. 1:07-cv-0469-DFH-WTL
                                    )
CENTRAL BENEFITS MUTUAL             )
INSURANCE COMPANY,                  )
                                    )
                Defendant.          )

ENTRY ON MOTION TO DISMISS

Defendant's motion to dismiss this ERISA action for failure to exhaust administrative remedies is hereby denied because defendant has not shown that a meaningful remedy has been available to plaintiff.  In addition, plaintiff's allegations support the inference that pursuing any administrative remedy would have been futile.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts as true the well pleaded allegations in the complaint.  Plaintiff Ronald Trietsch was a participant in the Central Security Savings Plan and Trust, which was a retirement savings plan governed by the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*  Plaintiff apparently was told that his participation and the employer matching contributions would be limited in a way that he questioned.  The plan

administrator (defendant Central Benefits Mutual Insurance Company) provided a copy of the Summary Plan Description, which explained that the legally binding document was the "Basic Plan Document."

Mr. Trietsch asserted his right under 29 U.S.C. § 1024(b)(4) to request a copy of the Basic Plan Document.  He requested a copy of the Basic Plan Document in writing on at least four occasions:  June 21, 2006; September 23, 2006; November 28, 2006; and February 16, 2007.  These requests were specific and appear to have been sufficient to put the administrator on notice of what he sought.  See *Anderson v. Flexel, Inc.*, 47 F.3d 243, 248 (7th Cir. 1995) (expalining that a request is sufficient and requires response when it gives plan administrator "clear notice of what information the beneficiary desires").  Defendant did not provide a copy of the Basic Plan Document.  Mr. Trietsch filed suit on April 16, 2007.  Defendant asserts that it finally provided a copy of the requested document after suit was filed.  In the lawsuit, Mr. Trietsch seeks penalties under 29 U.S.C. § 1132(c)(1) and attorney fees.

In support of its motion to dismiss, defendant points out correctly that an ERISA plaintiff ordinarily must exhaust a plan's administrative remedies before filing suit.  See, *e.g.*, *Stark v. PPM America, Inc.*, 354 F.3d 666, 671 (7th Cir. 2004); *Powell v. AT&T Communications, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991). Exhaustion is not required where there is a lack of meaningful access to review procedures or if pursuing internal remedies would be futile.  *Stark*, 354 F.3d at

671, citing *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1236 (7th Cir. 1997); accord, *Salus v. GTE Directories Service Corp.*, 104 F.3d 131, 138 (7th Cir. 1997). The issue is committed to the district court's sound discretion. *Stark*, 354 F.3d at 671-72 (reversing in "rare case" where district court abused discretion by failing to require exhaustion); *Salus*, 104 F.3d at 138-39 (affirming district court's decision not to require exhaustion).

This court is fully aware of the policy favoring exhaustion of administrative remedies, though the question arises most often with respect to a denial of plan benefits rather than a denial of access to plan documents. The exhaustion requirement does not fit well with rights to documents under 29 U.S.C. § 1024(b)(4). The statute itself imposes a limit of 30 days for a plan to respond to a sufficient request. 29 U.S.C. § 1132(c)(1). Assuming that the exhaustion defense is theoretically applicable to a claim for violation of § 1024(b)(4), the defense fails in this case because the defendant has failed to show that Mr. Trietsch had meaningful access to some additional internal plan procedure.

The right to an internal appeal is ordinarily triggered by a formal written denial of a request, which includes written notice of the right to pursue an appeal and information about how to do so. See 29 U.S.C. § 1133. Here, there appears to have been no explicit denial of Mr. Trietsch's request. The complaint and its exhibits reflect a simple failure to respond to plaintiff's multiple requests for the Basic Plan Document. There is no indication that Mr. Trietsch received notice

about some additional step he should have taken or even that he could have taken.   One basic prerequisite of the exhaustion defense is that the defendant must in fact have a meaningful path for review available to the plaintiff.  See *Wilczynski v. Lumbermens Mutual Casualty Co.*, 93 F.3d 397, 403-04 (7th Cir. 1996) (reversing dismissal for failure to exhaust plan remedies).[1]

Even in this lawsuit, defendant has not shown how meaningful access to any further review might have been available under the plan.  Defendant's only suggestion, which is not tied to any specific provision in the plan, is the following: "Nor does Plaintiff allege he or his attorney wrote pointed letters to the plan administrator that they would consider any future failure to respond or to provide documents as futility or a lack of meaningful access, allowing them to bypass any further administrative review and bring suit in court."  Def. Reply 3.

The court sees no legal basis, and defendant has cited none, for requiring Mr. Trietsch to send a letter anticipating the future exhaustion of remedies defense and including the explicit warning that he will treat further failures to comply with the statute as proof of futility or lack of available remedies.  In any

---

[1]Defendant argues that exhaustion is required under *Kross v. Western Electric Co.*, 701 F.2d 1238, 1243-45 (7th Cir. 1983).  *Kross* was a relatively early case recognizing the exhaustion doctrine that courts have found implied in ERISA. The Seventh Circuit there held that the district court did not abuse its discretion by requiring exhaustion.  The case provides a useful statement of the general policy favoring exhaustion, but it certainly does not require the court to grant defendant's motion to dismiss here, where defendant has failed to show that there was anything more that plaintiff could reasonably have been expected to do without going to court.

event, however, Mr. Trietsch actually wrote four polite but pointed letters, and even gave defendant a warning that he would file suit if he did not receive the requested document within yet another thirty day period.  If these were not sufficient to get the defendant's attention, it is hard to imagine what would.  Mr. Trietsch's June 21, 2006 letter did not specifically mention ERISA or his rights under the law, but it was a sufficient written request under 29 U.S.C. § 1024(b)(4).  His September 23, 2006 letter pointed out that he had waited for three months (not the 30 days "as allowed in my ERISA Rights") for the document.  Surely that should have gotten someone's attention.  The November 28, 2006 email referred specifically to ERISA and warned of penalties and right to file suit if his request were not satisfied.  The February 16, 2007 letter warned that suit could be filed if copies were not provided within 30 days.

What more was plaintiff supposed to do to get the administrator to take him seriously?  Defendant does not offer an answer.  Under these circumstances, defendant has failed to show that plaintiff had any meaningful access to any further administrative remedy available for exhaustion.  In addition, plaintiff has sufficiently shown that if there was any such remedy, it would have been futile to pursue it at the time he filed suit.  He had encountered such a solid stone wall up to that point that the law did not require him to send a fifth request.  One should have been enough, though Mr. Trietsch acted reasonably in sending the second request to allow for ordinary human and bureaucratic slips.

Accordingly, defendant's motion to dismiss is hereby denied.


So ordered.

Date: December 3, 2007

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana


Copies to:

Scott Stuart Morrisson
KRIEG DEVAULT
smorrisson@kdlegal.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Lawrence W. Schmits
KRIEG DEVAULT
lws@kdlegal.com